UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIFER MCCALL, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EXPRESS, INC., and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO.: 2:23-cv-03739-JLG-CMV<br><br>Judge James L. Graham<br><br>Magistrate Judge Chelsey M. Vascura<br><br>**DEFENDANT EXPRESS, INC.'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, Defendant Express, Inc. ("Express"), hereby respectfully requests that the Court take judicial notice of the Declaration of Gretchen M. Wolf ("Wolf Declaration") (attached hereto as Exhibit A) and Exhibits 1 to 62 thereto. These documents are publicly-available court filings or documents derived from publicly-available court filings and therefore may be properly considered by the Court in connection with Defendant's Motion to Dismiss Class Action Complaint ("MTD") under Federal Rule of Evidence 201.

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[1] "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public

---

[1] Unless otherwise noted, all emphases are added, and all citations, footnotes, original alterations, and internal quotation marks are omitted from all quoted material.

19047783v2

records or are otherwise appropriate for the taking of judicial notice." *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Worthington Indus., Inc. v Inland Kenworth (US), Inc.*, No. 2:19-CV-3348, 2020 WL 1309053, at *4 (S.D. Ohio Mar. 18, 2020).

Here, each exhibit attached to the Wolf Declaration is the proper subject of judicial notice because it is a court filing, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**I.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-62 BECAUSE THEY ARE COURT FILINGS**

Exhibit 1 is a redline comparing the complaint in the above-captioned matter and the complaint in *Binder v. Michael Kors (USA), Inc.*, No. 1:23-cv-03941-DEH (S.D.N.Y. filed May 10, 2023). Exhibits 2 through 62 are complaints filed in state and federal court proceedings by Plaintiff's counsel. Specifically, Exhibit 2 is the complaint in an action that Plaintiff McCall has filed in the Southern District of New York, and Exhibits 3 through 62 are complaints in 60 actions that Plaintiff's Counsel has filed in state and federal courts, all asserting "false reference pricing" claims under California's UCL, FAL, and CLRA. All the exhibits were obtained from either the Public Access to Court Electronic Records ("PACER") service, which provides online public access to federal court records, or the relevant state court website, respectively.

Courts regularly take judicial notice of the contents of court filings. *See, e.g. New Eng. Health Care Emps. Pension Fund*, 336 F.3d at 501 (taking judicial notice of complaint filed in separate action and affirming district court's granting of motion to dismiss); *Worthington Indus.*,

2020 WL 1309053, at *4 (granting request for judicial notice of court filings, including complaints) (quoting *In re Huffy Corp.*, 577 F Supp.2d 968, 981 (S.D. Ohio 2017) "It is a matter of settled precedent in the Sixth Circuit that courts may take judicial notice of proceedings in other courts.")); *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (taking judicial notice of state appellate court filings); *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings . . . .").

Indeed, the court in *Epps v. Earth Fare, Inc.*, No. CV 16-08221 SJO (SSx), 2017 WL 1424637 (C.D. Cal. Feb. 27, 2017), took judicial notice of three complaints "which [d]efendant introduces solely for their existence and the similarity of the allegations and claims with those in this matter." *Id.* at *2. *See also United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) ("[J]udicial records may sometimes be properly noticed to show the acts of the parties or other actors in the litigation; e.g., that a complaint was filed, that return of service was made, or that stipulations were entered into."); *Emrit v Trump*, No. 1:19-cv-18, 2019 WL 140107, at *2, *6 (S.D. Ohio Jan. 9, 2019) (taking judicial notice of plaintiff's "extensive and abusive nationwide litigation practices," dismissing plaintiff's complaint, declaring plaintiff a "harassing and vexatious litigant," and imposing prefiling restrictions).

Because Defendant is offering the Wolf Declaration and Exhibits 1 through 62 to show that Plaintiff and her counsel have asserted "false reference pricing claims" based on strikingly similar allegations in *over sixty* other state and federal actions, not to prove the truth of the facts asserted therein, the Court should take judicial notice of the contents of the Wolf Declaration and Exhibits 1 through 62.

Respectfully submitted,

*/s/ Sommer L. Sheely*
Sommer L. Sheely (0076071) – Trial Attorney
BRICKER GRAYDON LLP
100 South Third Street
Columbus, OH 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
Email: ssheely@brickergraydon.com

Gretchen M. Wolf (*pro hac vice pending*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606-1720
Telephone: (312) 407-0956
Facsimile: (312) 827-9385
Email: gretchen.wolf@skadden.com

Meredith C. Slawe (*pro hac vice pending*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: meredith.slawe@skadden.com

Jason D. Russell (*pro hac vice forthcoming*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: jason.russell@skadden.com

*Attorneys for Defendant Express, Inc.*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of January, 2024, a true and correct copy of the foregoing document was filed via the Court/s CM/ECF system, which provides notice to all counsel of record.

*/s/ Sommer L Sheely*
Sommer L. Sheely

19047783v2